## Soules v Our Lady of Lourdes Memorial Hosp., Inc.

2025 NY Slip Op 32224(U)

June 25, 2025

Supreme Court, Broome County

Docket Number: Index No. EFCA2024001809

Judge: Eugene D. Faughnan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

PRESENT:    HON. EUGENE D. FAUGHNAN
            Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

_____

DENISE F. SOULES, Individually and as
Administratrix of the Estate of JEFFREY J. SOULES,
Deceased,

                            Plaintiff,               DECISION AND ORDER

            vs.

                                                     Index No. EFCA2024001809

OUR LADY OF LOURDES MEMORIAL
HOSPITAL, INC., and KATHLEEN F. McGINLEY,
DO, MPH,

                            Defendants.

_____


**EUGENE D. FAUGHNAN, J.S.C.**


        This matter is before the Court to consider the pre-Answer motion of Defendants Our Lady of Lourdes Memorial Hospital, Inc. ("Lourdes") and Kathleen F. McGinley, DO, MPH, to dismiss the Complaint due to the expiration of the Statute of Limitations. The motion has been opposed by Plaintiff Denise F. Soules, Individually and as Administratrix of the Estate of Jeffrey J. Soules, Deceased, who claims that due to the "continuous treatment" doctrine, the action was timely commenced. Defendants then filed Reply papers in further support of the motion.[1] Oral argument was held on February 21, 2025 at which time both parties were present. After due deliberation, this Decision and Order constitutes the determination of this Court.

_____

[1] The Court has considered all the papers filed in support and opposition to the motion, as well as all the other documents contained in the electronic case file.

1

## BACKGROUND FACTS

This is a claim for medical malpractice and lack of informed consent. The relevant facts for this motion are relatively simple. Decedent Jeffrey Soules was initially seen at Broome Urology on September 8, 2020 with complaints of increased urinary urgency and frequency. He came under the care of Dr. McGinley, a urologist employed by Lourdes, and the treatment included various testing and procedures. Decedent was diagnosed with bladder cancer in December 2020. His last treatment with Dr. McGinley came on December 30, 2021 when he underwent a surgical procedure at Lourdes for a bowel obstruction. Dr. McGinley was one of the two surgeons performing that surgery. Following the surgery, decedent remained at Lourdes Hospital. While hospitalized, Decedent suffered cardiopulmonary arrest and passed away on January 8, 2022. An autopsy was performed and stated that the cause of death was bladder cancer compounded by cardiovascular disease.

This action was commenced on July 3, 2024. Defendants filed the current motion to dismiss pursuant to CPLR 3211 (a)(5) [statute of limitations], arguing that the case was commenced more than 2 years and 6 months after the last treatment by Dr. McGinley. If measured from Dr. McGinley's last date of treatment on December 30, 2021, the statute of limitations expired on June 30, 2024, which was a Sunday and would have permitted the deadline to extend to July 1, 2024. Since the case was not filed until July 3, 2024, Defendants contend it is not timely.

In opposition, Plaintiff submitted her own affidavit as well as an attorney affirmation, with Exhibits. Plaintiff's affidavit states that Dr. McGinley treated the decedent for bladder cancer for more than a year prior to his death. Plaintiff also stated that after the surgery on December 30, 2021, Dr. McGinley told Plaintiff that she would continue to keep an eye on the decedent; at no time did Dr. McGinley state that treatment was being ended after the surgery.

## LEGAL DISCUSSION AND ANALYSIS

CPLR 3211 sets forth the bases and procedure for a motion to dismiss. "On a motion to dismiss made pursuant to CPLR 3211, a court should construe the pleadings liberally, accept the allegations as true and afford the party opposing the motion the benefit of every possible

2

inference..." *T. Lemme Mech., Inc. v. Schalmont Cent. School Dist.*, 52 AD3d 1006, 1008 (3rd Dept. 2008) (citations omitted); *see, Faison v. Lewis*, 25 NY3d 220 (2015); *Leon v. Martinez*, 84 NY2d 83, 87 (1994).

A medical malpractice claim "must be commenced within 2 ½ years from the relevant act or the 'last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the challenged act, omission or failure.'" *Lohnas v. Luzi*, 30 NY3d 752, 755 (2018) (internal bracket omitted) (quoting CPLR 214-a); *Rich v. Lavelle*, 216 AD3d 1323 (3rd Dept. 2023). The same statute of limitation applies to claims for lack of informed consent. *Hall v. Bolognese*, 210 AD3d 958 (2nd Dept. 2022); *see, Chvetsova v. Family Smile Dental*, 202 AD3d 657 (2nd Dept. 2022). A defendant seeking to dismiss a claim due to the Statute of Limitations bears the burden of proof of showing that plaintiff commenced the action more than 2 ½ years after the alleged negligent act or omission giving rise the malpractice claim. *Waring v. Kingston Diagnostic Radiology Ctr.*, 13 AD3d 1024, 1025 (3rd Dept. 2004), *citing White v. Murphy*, 277 AD2d 852 (3rd Dept. 2000); *see, Flint v. Zielinski*, 130 AD3d 1460 (4th Dept. 2015). Here, the last treatment was on December 30, 2021, more than 2 ½ years prior to the commencement of the action, which is sufficient to meet Defendants' *prima facie* burden. Accordingly, "the burden shifts to the plaintiff to establish that he or she received continuous treatment in order to avail himself or herself of the tolling provision of CPLR 214-a." *White v. Murphy*, 277 AD2d at 853-854 *citing Massie v. Crawford*, 78 NY2d 516, 519 (1991); *see Nykorchuck v. Henriques*, 78 NY2d 255 (1991); *Shultis v. Patel*, 163 AD3d 1342 (3rd Dept. 2018); *Waring v. Kingston Diagnostic Radiology*, 13 AD3d at 1025.

The rationale of the continuous treatment doctrine is that maintaining the doctor/patient relationship fosters additional efforts to treat the condition and obtain the best possible result, rather than interrupting treatment by a lawsuit. *Lohnas v. Luzi*, 30 NY3d at 756; *McDermott v. Torre*, 56 NY2d 399 (1982). The bedrock of the continuous treatment doctrine is not just the existence of a doctor patient relationship, but an ongoing relationship of trust and confidence between the doctor and patient. *Massie v. Crawford*, 78 NY2d 516; *Gomez v. Katz*, 61 AD3d 108 (2nd Dept. 2009).

"'Under the continuous treatment doctrine, the time in which to bring a malpractice action is stayed when the course of treatment that includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint.'" *Rich v. Lavelle*,

216 AD3d at 1324 (internal bracket omitted), *quoting Allende v. New York City Health & Hosps. Corp.*, 90 NY2d 333, 338 (1997); *Hillary v. Gerstein*, 178 AD3d 674, 675 (2nd Dept. 2019); *Curry v. State of New York*, 2025 NY App. Div. LEXIS (3rd Dept. June 5, 2025). There will be a toll until the end of a course of treatment if there is a connection between the treatment, including the wrongful acts, which has run continuously and is related to the original medical condition. *Johanson v. Sullivan*, 68 AD3d 1303 (3rd Dept. 2009).

Of course, actual treatment dates are significant in the analysis, but "treatment does not necessarily terminate at a patient's last visit." *Aulita v. Chang*, 44 AD3d 1206, 1208 (3rd Dept. 2007). However, "further treatment must be in some way explicitly anticipated by both physician and patient as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during that last visit, or in conformance with the periodic appointments which characterized the treatment in the immediate past." *Waring v. Kingston Diagnostic Radiology Ctr.*, 13 AD3d at 1026 (internal quotation marks, brackets and citation omitted). Thus, even if there are no appointments or contact between the doctor and the patient, "where the physician and patient reasonably intend the patient's uninterrupted reliance upon the physician's observation, directions, concern, and responsibility for overseeing the patient's progress, the requirement for continuous care and treatment for the purpose of the [s]tatute of [l]imitations is . . . satisfied." *Richardson v. Orentreich*, 64 NY2d 896, 899 (1985); *Rich v. Lavelle*, 216 AD3d at 1324-1325; *see, Plummer v. N.Y. City Health & Hosps. Corp.*, 98 NY2d 263, 267 (2002).

It does not appear that there was any medical treatment or appointments scheduled for decedent and Dr. McGinley subsequent to the surgery on December 30, 2021, but then decedent passed away just 9 days later on January 8, 2022. However, if the treatment was deemed to have continued up until January 8, 2022, that would be sufficient to make the action timely commenced.

In an appropriate case, the absence of any ongoing scheduled treatment could support a conclusion that treatment had ceased. *See, Rizk v. Cohen*, 73 NY2d 98 (1989); *Curcio v. Ippolito*, 63 NY2d 967 (1984) (no contact following surgery and subsequent discharge from treatment); *Cf. Rich v. Lavelle*, 216 AD3d 1323 (patient's decision to pursue conservative care following surgery to give herself more time to heal did not mean there was no continuous treatment). "In determining whether a question of fact exists as to the applicability of the continuous treatment doctrine, the plaintiff's version of the facts must be accepted as true"

*Clifford v. Kates*, 169 AD3d 1375, 1377 (4ᵗʰ Dept. 2019) *citing Scribner v. Harvey*, 245 AD2d 1120, 1121 (4th Dept 1997); *see, Rizk v. Cohen*, 73 NY2d 98, 104 ("determination as to whether continuous treatment exists [] must focus on the patient."). Continuous treatment "does not necessarily come to an end upon a patient's last personal visit with his or her physician … when further treatment is explicitly anticipated by both physician and patient." *Plummer v. N.Y. City Health & Hosps. Corp.*, 98 NY2d 263, 267; *Aulita v. Chang*, 44 AD3d 1206. On the other hand, if a patient has lost trust and confidence in the doctor(s) and sought treatment elsewhere, then continuous treatment may have ended. *See, Ferrara-Carpenter v. Ormsby*, 233 AD3d 1134 (3ʳᵈ Dept. 2024).

In the present case, decedent underwent surgery on December 30, 2021 and remained in the same hospital post-surgically until his death. His condition clearly did not resolve to such a degree that he no longer needed medical treatment. He was not discharged from Dr. McGinley's care. Dr. McGinley was noted as the admitting physician, and she was also listed on the Pathology/Autopsy Report. Decedent also did not switch care for his bladder cancer to another doctor or seek an outside consultation. The Court concludes that Plaintiff has, at the very least, raised triable issues of fact regarding the question of continuous treatment. Since this motion was made pre-Answer, the parties have not yet conducted discovery, the results of which may have bearing on the issue. Accordingly, the Court is not making a final determination that the continuous treatment doctrine applies, but only that there are triable issues of fact that preclude dismissal of the Complaint at this juncture.

Defendants also argue that the December 30, 2021 surgery was for a bowel obstruction, (and that Plaintiff's malpractice claim is actually based on the bowel obstruction) but that such treatment was a separate matter from Dr. McGinley's treatment for bladder cancer. Therefore, the surgical procedure would not be an extension of treatment for the bladder cancer, and the continuous treatment doctrine would not apply. However, the Court's review of the Complaint shows that Plaintiff is alleging that the bowel obstruction and treatment (including the December 30, 2031 surgery) was a consequence of the alleged malpractice in treating the patient's bladder cancer. The allegation in the Complaint are that decedent underwent a laproscopic procedure on December 13, 2021 performed by Dr. McGinley, and following that surgery, decedent's bowel function was impaired leading to the placement of an NG Tube (Nasogastric Tube) to aid in feeding and potentially improve the bowel obstruction. Plaintiff's Complaint alleges generally

5

that "[a]s a result of Defendant McGinley's failure to properly treat Decedent", he suffered renal failure. The allegations are broad enough to include treatment for bladder cancer and bowel obstruction. If the bowel obstruction was consequential to the treatment for the bladder cancer, then the continuous treatment doctrine might still be applicable. That is an additional matter than can be explored during discovery.

**CONCLUSION**

Based on all the foregoing, the Court concludes that Defendants have made a *prima facie* showing of entitlement to dismissal of the Complaint on the basis that it is barred by the Statute of Limitations; but that Plaintiff has raised questions of fact as to the application of the continuous treatment doctrine, thereby precluding Defendants' request at this time.

Accordingly, it is hereby

ORDERED, that Defendant's pre-Answer motion to dismiss is DENIED.

THIS CONSTITUTES THE DECISION AND ORDER OF THIS COURT.

Dated:     June 25, 2025
           Binghamton, New York

                                    _____
                                    HON. EUGENE D. FAUGHNAN
                                    Supreme Court Justice

6